UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3-15-cv-66-DJH

(*Electronically Filed*)

**UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 3047**
478 S. Mulberry St.
Elizabethtown, KY 42701

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, CLC**
8000 E. Jefferson Ave.
Detroit, MI 48214

**INTERNATIONAL CHEMICAL WORKERS UNION COUNCIL OF THE UNITED FOOD AND COMMERCIAL WORKERS**
1655 West Market Street, 6th Floor
Akron, OH 44313

**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 970C**
8145 Leitchfield Road
Cecilia, KY 42724

**UNITED FOOD & COMMERCIAL WORKERS LOCAL UNION NO. 227**
3330 Pinecroft Drive
Louisville, KY 40219-3055

**GENERAL DRIVERS, WAREHOUSEMEN & HELPERS, LOCAL UNION NO. 89**
3813 Taylor Blvd.
Louisville, KY 40215

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 369**
4315 Preston Highway
Louisville, KY 40213-2031

**IUE-CWA, THE INDUSTRIAL DIVISION OF THE COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC**
2701 Dryden Road
Dayton, OH 45439

IUE-CWA, THE INDUSTRIAL DIVISION OF THE COMMUNICATIONS
WORKERS OF AMERICA, LOCAL 83766
    478 S. Mulberry St.
    Elizabethtown, KY 42701                                **PLAINTIFFS**

v.                           **COMPLAINT**

**HARDIN COUNTY, KENTUCKY**
Serve: Hon. Harry L. Berry, Judge/Executive
       H.B. Fife Courthouse
       100 Public Square, 3rd Floor
       Elizabethtown, KY 42702

**HARRY L. BERRY, JUDGE/EXECUTIVE**
    H.B. Fife Courthouse
    100 Public Square, 3rd Floor
    Elizabethtown, KY 42702

**CHARLIE A. WILLIAMS, SHERIFF**
    H.B. Fife Courthouse
    100 Public Square, 3rd Floor
    Elizabethtown, KY 42702

**JENNY PITTS, COUNTY ATTORNEY**
    109 E. Dixie
    Elizabethtown, KY 42701                                 **DEFENDANTS**

    \*     \*     \*     \*     \*     \*     \*

This lawsuit challenges Ordinance Number 300, Series 2014, enacted by the Fiscal Court of Hardin County on January 13, 2015 ("Ordinance 300") on the ground that the Ordinance is preempted and prohibited by the National Labor Relations Act of 1935 ("NLRA") as amended by the Labor Management Relations Act of 1947 ("LMRA").

## JURISDICTION AND VENUE

1.     All claims in this lawsuit are brought under 42 U.S.C. § 1983 and

under the Supremacy Clause of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 & 1343(a)(3).

3. Venue is proper in this district under 28 U.S.C. § 1391(b). All acts or omissions that are the subject of this Complaint occurred in Hardin County, Kentucky.

4. This Court has authority to issue a declaratory judgment as to the validity of Ordinance 300 pursuant to 28 U.S.C. § 2201 and to grant such further relief as may be necessary or proper pursuant to 28 U.S.C. § 2202.

## PARTIES

5. Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO, CLC ("UAW"), and UAW Local 3047 are "labor organizations" within the meaning of both the NLRA and Ordinance 300. UAW and UAW Local 3047 are the collective bargaining representatives of a unit of employees of Metalsa Structural Products, Inc. located within Hardin County, Kentucky.

6. Plaintiffs International Chemical Workers Union Council of the United Food and Commercial Workers ("ICWU") and United Food & Commercial Workers Local 970C ("UFCW Local 970C") are "labor organizations" within the meaning of both the NLRA and Ordinance 300. ICWU and UFCW Local 970C are the collective bargaining representatives of a unit of employees of Dow Corning Corporation located within Hardin County, Kentucky.

7. Plaintiff United Food & Commercial Workers Local 227 ("UFCW Local 227") is a "labor organization" within the meaning of both the NLRA and Ordinance 300. UFCW Local 227 is the collective bargaining representative of a unit of employees of Kroger Limited Partnership I, Mid South Division of Louisville located within Hardin County, Kentucky.

8. Plaintiff General Drivers, Warehousemen & Helpers, Local Union No. 89 ("IBT Local 89") is a "labor organization" within the meaning of both the NLRA and Ordinance 300. IBT Local 89 is the collective bargaining representative of a unit of employees of Bimbo Brands Bakery and a unit of employees of Irving Materials, Inc., both located in Hardin County, Kentucky. IBT Local 89 is also the collective bargaining representative of a unit of employees of E&B Paving who work in Hardin County, Kentucky, from time to time.

9. Plaintiff International Brotherhood of Electrical Workers Local 369 ("IBEW Local 369") is a "labor organization" within the meaning of both the NLRA and Ordinance 300. IBEW Local 369 is party to collective bargaining agreements with numerous employers, including members of the Louisville Chapter of the National Electrical Contractors Association, and ADT, LLC, which regularly do business in Hardin County, Kentucky, and employ workers under those collective bargaining agreements.

10. Plaintiffs IUE-CWA, The Industrial Division of the Communications Workers of America, AFL-CIO, CLC ("IUE-CWA"), and IUE-CWA Local 83766 are "labor organizations" within the meaning of both the NLRA and Ordinance 300.

IUE-CWA and IUE-CWA Local 83766 are the collective bargaining representatives of a unit of employees of The Gates Corporation located within Hardin County, Kentucky.

11. Defendant Hardin County, Kentucky is a political subdivision of the Commonwealth of Kentucky.

12. Defendant Charlie A. Williams is the Hardin County Sheriff. In that capacity, he has the authority to investigate alleged violations of Ordinance 300 and to ensure the effective enforcement of the Ordinance. Defendant Williams is sued in his official capacity.

13. Defendant Harry L. Berry is the Hardin County Judge-Executive. In that capacity, he has the authority to execute the provisions of Ordinance 300. Defendant Berry is sued in his official capacity.

14. Defendant Jenny Pitts is the Hardin County Attorney. In that capacity, she has the authority to prosecute violations of Ordinance 300. Defendant Pitts is sued in her official capacity.

## ALLEGATIONS COMMON TO ALL CLAIMS

15. Ordinance 300 was enacted by the Fiscal Court of Hardin County on January 13, 2015. The Ordinance was signed by Defendant County Judge-Executive Berry on that date and immediately became in full force and effect.

16. Ordinance 300 applies only to those employees, employers and labor organizations that are covered by the NLRA.

17. Section 8(a)(3) of the NLRA (29 U.S.C. § 158(a)(3)) grants to covered

employers and labor organizations the right to negotiate agreements requiring union membership or the payment of union fees as a condition of employment ("union security agreements"). The NLRA regulates the negotiation and application of the authorized union security agreements.

18. Each of the plaintiffs has negotiated and entered into collective bargaining agreements which include union security agreements authorized by the NLRA that apply to workplaces within Hardin County, Kentucky. Copies of the relevant provisions of those collective bargaining agreements are attached hereto as Exhibits 1 through 9. Each of the plaintiffs expects to include such union security agreements in successor collective bargaining agreements.

19. With respect to collective bargaining agreements entered into after January 13, 2015, Ordinance 300 prohibits the negotiation and application of union security agreements authorized and regulated by the NLRA, including the union security agreements that the plaintiffs have entered into that apply to workplaces in Hardin County, Kentucky.

20. The NLRA grants to covered employers and labor organizations the right to enter into agreements granting the labor organization the exclusive right to refer employees for employment ("hiring hall agreements"). The NLRA regulates the negotiation and application of the authorized hiring hall agreements.

21. IBT Local 89 and IBEW Local 369 have negotiated and entered into hiring hall agreements authorized by the NLRA that apply to workplaces within Hardin County, Kentucky. Copies of the relevant provisions of those collective

bargaining agreements are attached hereto as Exhibits 6 and 7. IBEW Local 369 and IBT Local 89 expect to include such hiring hall agreements in successor collective bargaining agreements.

22. Ordinance 300 prohibits the negotiation and application of hiring hall agreements authorized and regulated by the NLRA, including the hiring hall agreements which IBEW Local 369 and IBT Local 89 have entered into, that apply to workplaces in Hardin County, Kentucky.

23. The NLRA and LMRA § 302(c)(4) (29 U.S.C. § 186(c)(4)) grant to covered employers and labor organizations the right to enter into agreements for payroll deduction of labor organization dues, fees or assessments ("check-off") and to apply such agreements in a manner consistent with the LMRA.

24. Each of the plaintiffs has negotiated and entered into check-off agreements providing for the authorized payroll deduction of labor organization dues, fees or assessments. Copies of the relevant provisions of those collective bargaining agreements are attached hereto as Exhibits 1 through 9. Each of the plaintiffs expects to include such check-off agreements in successor collective bargaining agreements.

25. Ordinance 300 prohibits the payroll deduction of labor organization dues, fees or assessments, pursuant to the check-off agreements that the plaintiffs have entered into that apply to workplaces in Hardin County, Kentucky, in circumstances where the deduction is lawful under LMRA § 302.

26. The contract between Plaintiff IBT Local 89 and an employer doing

business in Hardin County, Kentucky, the relevant provisions of which are attached hereto as Exhibit 6, expires by its terms on March 31, 2015. IBT Local 89 has sent the employer a notice to reopen the contract at its expiration. Application and enforcement of Ordinance 300, if not enjoined by this Court, will cause immediate and irreparable harm to that plaintiff in that it will be denied its rights under the NLRA and LMRA in violation of the Supremacy Clause of the United States Constitution.

27. The contract between Plaintiff UFCW Local 227 and an employer doing business in Hardin County, Kentucky, the relevant provisions of which are attached hereto as Exhibit 3, expires by its terms on April 4, 2015. UFCW Local 227 has sent the employer a notice to reopen the contract at its expiration. Application and enforcement of Ordinance 300, if not enjoined by this Court, will cause immediate and irreparable harm to that plaintiff in that it will be denied its rights under the NLRA and LMRA in violation of the Supremacy Clause of the United States Constitution.

28. Violations of Ordinance 300 are classified as misdemeanors. The Hardin County Sheriff is directed to investigate all complaints regarding actual or threatened violations of Ordinance 300 and to use all means at his disposal to ensure the effective enforcement of the Ordinance.

## CLAIMS FOR RELIEF

## COUNT I

29. The foregoing allegations are incorporated in this count.

30. NLRA § 14(b) (29 U.S.C. § 164(b)) authorizes a State or Territory to enact laws prohibiting the execution or application within the State of union security agreements that are otherwise authorized and regulated by the NLRA. State and local laws regulating the negotiation or application of union security agreements that do not come within the authorization of NLRA § 14(b) are preempted by the NLRA.

31. Ordinance 300 is a Hardin County law prohibiting the execution or application within Hardin County of union security agreements authorized and regulated by the NLRA.

32. Hardin County is not a "State or Territory" as contemplated in NLRA §14(b) and is therefore not authorized to enact a law prohibiting execution or application of union security agreements.

33. Ordinance 300 is not a "State or Territorial law" within the meaning of NLRA § 14(b) and is therefore preempted by the NLRA insofar as the Ordinance prohibits the execution or application of union security agreements.

34. Ordinance 300 deprives the plaintiffs of their right, secured by the NLRA, to include union security provisions in collective bargaining agreements entered into after January 13, 2015.

35. Insofar as Ordinance 300 prohibits the execution or application of union security provisions authorized and regulated by the NLRA, the Ordinance is preempted by the NLRA and is therefore invalid under the Supremacy Clause of the United States Constitution.

## COUNT II

36. The foregoing allegations are incorporated in this count.

37. Ordinance 300 deprives the plaintiffs of their right, secured by the NLRA, to include hiring hall provisions in collective bargaining agreements entered into after January 13, 2015.

38. Insofar as Ordinance 300 prohibits the execution or application of hiring hall provisions authorized and regulated by the NLRA, the Ordinance is preempted by the NLRA and is therefore invalid under the Supremacy Clause of the United States Constitution.

## COUNT III

39. The foregoing allegations are incorporated in this count.

40. Ordinance 300 deprives the plaintiffs of their right, secured by the NLRA and the LMRA, to apply check-off provisions in collective bargaining agreements in the manner authorized by the NLRA and the LMRA entered into after January 13, 2015.

41. Insofar as Ordinance 300 prohibits the application of check-off provisions authorized and regulated by the LMRA, the Ordinance is preempted by the NLRA and the LMRA and is therefore invalid under the Supremacy Clause of the United States Constitution.

## DEMAND

WHEREFORE, Plaintiffs demand the following relief:

A. A declaratory judgment that Ordinance 300 is invalid insofar as it is

preempted by the NLRA and the LMRA in the respects alleged above.

    B.    A preliminary and permanent injunction prohibiting the Defendants from taking any action to enforce the invalid portions of Ordinance 300.

    C.    Damages for any harm caused to the plaintiffs by the defendants' adoption and enforcement of Ordinance 300.

    D.    An award of the attorneys' fees and costs incurred in connection with this lawsuit pursuant to 42 U.S.C. §1988 and such other statutory and common law provisions as may be applicable.

    E.    Such other relief as the Court finds just and proper.

RESPECTFULLY SUBMITTED,

/s/ Irwin H. Cutler, Jr.
IRWIN H. CUTLER, JR.
DAVID LEIGHTTY
BENJAMIN S. BASIL
PRIDDY, CUTLER, NAAKE & MEADE, PLLC
800 Republic Building
429 West Muhammad Ali
Louisville, KY 40202
Cutler Tel: (502) 632-5270
Cutler Fax: (502) 632-5271
cutler@pcnmlaw.com
Leightty Tel.: (502) 632-5292
Leightty Fax: (502) 632-5293
dleightty@earthlink.net
Basil Tel: (502) 632-5296
Basil Fax:(502) 632-5297
basil@pcnmlaw.com
COUNSEL FOR PLAINTIFFS
UAW, UAW Local 3047,
ICWU/UFCW, ICWU/UFCW Local 970-C,
UFCW Local 227,
IBEW Local 369,
IUE-CWA, and IUE-CWA Local 83766

/s/ Robert M. Colone
ROBERT M. COLONE
GENERAL COUNSEL
IBT LOCAL 89
3813 Taylor Blvd.
Louisville, KY 40215
(502) 368-5885
(502) 366-2009 -fax
rmcolone@teamsers89.com
COUNSEL FOR PLAINTIFF
TEAMSTERS LOCAL 89