UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 3047, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARDIN COUNTY, KENTUCKY, et al., , <br><br> Defendants. | **Electronically Filed** <br><br> CASE NO. 3:15-cv-00066-DJH |

## ANSWER

Defendants, Hardin County, Kentucky; Harry L. Berry, Judge/Executive; Charlie A. Williams, formerly the Sheriff of Hardin County; and Jenny Oldham, County Attorney of Hardin County, incorrectly named as Jenny Pitts, ("Defendants"), by counsel, for their Answer to the Complaint of Plaintiffs, United Automobile, Aerospace and Agricultural Implement Workers of America Local 3047; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO, CLC; International Chemical Workers Union Council of the United Food and Commercial Workers; United Food and Commercial Workers, Local 970C; United Food & Commercial Workers Local Union No. 227; General Drivers, Warehousemen & Helpers, Local Union No. 89; International Brotherhood of Electrical Workers Local 369; IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC; and IUE-CWA, The Industrial Division of the Communications Workers of America, Local 83766 ("Plaintiffs"), states as follows:

## FIRST DEFENSE
### FEDERAL LAW DOES NOT PROHIBIT OR PREEMPT HARDIN COUNTY'S ORDINANCE

1. On January 13, 2015, Hardin County duly adopted Ordinance 300, Series 2014. A true and correct copy of the Ordinance is attached as Exhibit "A," and herein referred to as "the Ordinance."

2. The Ordinance forbids discrimination in employment to encourage or discourage membership in any labor organization ("union"). The Ordinance prohibits, among other things:

   a. Requiring any person to join or refrain from joining a labor union to get or keep a job in Hardin County;

   b. Requiring any person to pay union dues, fees, assessments or other charges in order to get or keep a job in Hardin County;

   c. Requiring any person to be referred or cleared by a union in order to get or keep a job in Hardin County; and

   d. Threatening or intimidating an employee, prospective employee, or their families to compel the employee or prospective employee to join, refrain from joining, or pay money to or refrain from paying money to a union.

3. Section 8(a)(3) of the National Labor Relations Act (the "Act") provides:

   "That nothing in this Act, or any other statute of the United States, shall preclude an employer from making an agreement with a labor organization . . . to require as a condition of employment membership therein." (Emphasis added.) (29 U.S.C. § 158(a)(3))

The plain language of the Act prevents only the Act and other federal laws from precluding mandatory union membership as a condition of employment.

4. Neither the Act nor any other federal law prohibits counties or other governmental units, except the federal government, from adopting laws or ordinances forbidding job discrimination, within their geographic boundaries, based upon union membership or money payments to unions. 29 U.S.C. § 158(a)(3).

5. Although federal labor law preempts some state and local regulation of employer, employee, and union relationships, neither the Act nor other federal labor legislation preempts state or local regulation or restriction of compulsory union membership or compulsory payments to unions or the other subjects of the Ordinance.

### SECOND DEFENSE
#### "STATES" INCLUDE THEIR POLITICAL SUBDIVISIONS AUTHORIZING HARDIN COUNTY'S ORDINANCE

6. Section 14(b) of the Act states:

> "Nothing in this Act shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territory law."

29 U.S.C. § 164(b). Accordingly, "any State or Territory" may regulate and prohibit mandatory union membership and payments, as well as the related subjects addressed in the Ordinance.

7. The laws of a State's political subdivisions fall within the scope of "State law" for purposes of Section 14(b) of the Act.

8. Hardin County, Kentucky, is a political subdivision of the Commonwealth of Kentucky.

9. The Act's prohibition against construing the Act to authorize agreements requiring mandatory union membership or mandatory payments to a union as a condition of employment where "State or Territory law" forbids them includes Hardin County's Ordinance within the scope of "State law."

10. Therefore, nothing in the Act can be construed as authorizing union contracts that require union membership or mandatory money payments to a union as a condition of

employment in Hardin County in violation of the Ordinance, and Hardin County is free to regulate the related subjects contained in the Ordinance.

### THIRD DEFENSE
### KENTUCKY'S "HOME RULE" LAW DELEGATES TO HARDIN COUNTY THE AUTHORITY TO ADOPT THE ORDINANCE

11. In 1972, the Commonwealth of Kentucky enacted Kentucky Revised Statute (KRS) 67.083. KRS 67.083 combined with KRS 67.080 and the Kentucky Constitution to delegate to Kentucky counties broad power belonging to the Commonwealth to exercise within the County's geographic boundaries for authorized purposes. Statutes like KRS 67.083 and KRS 67.080, which delegate to local governments legislative authority of the state, are frequently referred to as "Home Rule" or "Local Rule" laws.

12. Power belonging to the States may be delegated to their counties and other local governmental units in the States' absolute discretion. As the United States Supreme Court explains:

> "The principle is well settled that local government units are created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them in its absolute discretion. The exclusion of political subdivisions cannot be inferred from the express authorization to the States because political subdivisions are components of the very entity the statute empowers." *Wisconsin Public Intervenor v. Mortier,* 501 U.S. 597, 607-608 (1991).

13. Among the state powers specifically delegated to counties, under KRS 67.083(3)(m) & (x), are the powers to enact ordinances applicable within the counties' geographic boundaries for the following public functions:

- "Regulation of commerce for the protection and convenience of the public;"

- "Promotion of economic development of the counties . . . ."

14. Academic studies have shown that laws prohibiting mandatory union membership and payments have a strong correlation with increasing manufacturing employment. Thomas J. Holmes, *The Effect of State Policies on the Location of Manufacturing: Evidence From State Borders,* 106 The Journal of Political Economy 660, 667-705 (August 1998) (University of Chicago Press). In addition, academic comparisons of wage data between jurisdictions with and without laws prohibiting mandatory union membership and mandatory payments to unions found similar, and higher, wage levels between these jurisdictions. *See, e.g.*, Robert Reed, *How Right-to-Work Laws Affect Wages,* 24 Journal of Labor Research 713, 727 (Fall 2003); William J. Moore, *The Determinants and Effects of Right to Work Laws*, 14 Journal of Labor Research 445, 460 (Summer 1998). Such academic studies reinforce the actual experience of Hardin County economic development officials in their efforts to recruit manufacturers and other employers to Hardin County, Kentucky.

15. Hardin County, Kentucky, is located on the U.S. Interstate 65 ("I65") Corridor, and must compete for jobs and other economic development opportunities with communities along the I65 Corridor in Indiana to the north and Tennessee to the south. Tennessee communities have long benefitted from laws outlawing mandatory union membership and payments, and Indiana granted its communities the same benefit in 2012. Furthermore, the construction of new bridges across the Ohio River between Indiana and Kentucky, in close proximity to Hardin County, has only increased the competition between Hardin County and communities located across the border in Indiana for economic development opportunities.

16. Hardin County desires that all its citizens and workforce have equal opportunity and access to jobs and other economic benefits regardless of their convictions and preferences

regarding union membership and financial support. Therefore, Hardin County desires to regulate its commerce within its geographic boundaries in a manner that will achieve this goal.

17. Hardin County desires that all its citizens and workforce have equal opportunity and access to jobs free from threats or intimidation directed against themselves, their families, or property to compel or attempt to compel them to either join or financially support a union or refrain from doing so. Accordingly, Hardin County desires to regulate and protect its commerce in a manner that will protect its citizens and workforce from such threats and intimidation.

18. Hardin County desires that all its citizens and workforce be free to engage in, promote, and encourage commerce within the county by having full access to their wages and salaries without compulsion to pay a portion of their income to a union unless they desire to do so. Hardin County desires to regulate its commerce to achieve this goal.

19. Hardin County stated its purposes in adopting the Ordinance as follows:

> WHEREAS, it is the intent of this Ordinance to provide that no employee covered by the National Labor Relations Act need join or pay dues to a union, or refrain from joining a union, as a condition of employment; and provide certain penalties for violation of those employment rights; and
>
> WHEREAS, the County desires to promote economic development within all of Hardin County, directly and in cooperation with public and private entities promoting Hardin County and its resources, its people and its many geographical and cultural advantages; and
>
> WHEREAS, Hardin County and its residents compete for the expansion of employment opportunities with other cities, counties and states whose citizens benefit from the protections under similar right to work legislation; and
>
> WHEREAS, pursuant to KRS 67.083 Hardin Fiscal Court is tasked with and empowered to regulate commerce for the protection and convenience of the public; and
>
> WHEREAS, the Fiscal Court of Hardin County hereby finds and determines that it is in the best interest of the citizens of

> Hardin County to promote and encourage direct commerce for the protection and convenience of the public, by giving employees freedom to choose employment without restraint or coercion regarding the payment of mandatory dues, fees or other payments to a labor organization as a condition of that employment.

Ordinance No. 300, Series 2014 of the County of Hardin, Kentucky, attached as Exhibit "A."

20. Therefore, Hardin County's adoption of the Ordinance is a lawful and proper exercise of the authority delegated to Hardin County by the Commonwealth of Kentucky. The Commonwealth of Kentucky's authority, so delegated to Hardin County, is confirmed by Sections 8(a) and 14(b) of the Act [29 U.S.C. §§ 158(a)(3) and 164(b)], as well as the Tenth Amendment to the United States Constitution, and other applicable law.

### FOURTH DEFENSE

21. Defendants admit so much of the allegations in paragraph 1 of the Complaint as may allege that Plaintiffs purport to assert claims under 42 U.S.C. § 1983 and under the Supremacy Clause of the United States Constitution, but expressly deny that Plaintiffs have any valid or meritorious cause of action under either 42 U.S.C. § 1983 or the Supremacy Clause. Defendants also deny any remaining allegations contained in paragraph 1 of the Complaint.

22. Defendants admit so much of the allegations in paragraph 2 of the Complaint as may allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Defendants expressly deny any remaining allegations contained in paragraph 2 of the Complaint.

23. Defendants admit that the subject matter of this litigation occurred in Kentucky. Defendants deny, however, that any events giving rise to a cause of action occurred in Hardin County, Kentucky, or anywhere else, as well as any other allegations contained in paragraph 3 of the Complaint.

24. Defendants admit so much of the allegations of paragraph 4 of the Complaint as may allege that this Court is empowered to issue declaratory judgments pursuant to 28 U.S.C. § 2201 and grant such further relief as may be necessary or proper pursuant to 28 U.S.C. § 2201. Defendants expressly deny, however, that Plaintiffs are entitled to any relief requested in their Complaint and any remaining allegations contained in paragraph 4 of the Complaint.

25. Defendants admit so much of the allegations of paragraph 5 as may allege that Plaintiffs UAW and UAW Local 3047 are "labor organizations" within the meaning of the Act and the Ordinance. Defendants are without knowledge or information sufficient to form a belief as to whether these Plaintiffs are the collective bargaining representatives of a unit of employees of Metalsa Structural Products, Inc. located within Hardin County, Kentucky. Defendants therefore deny all allegations of paragraph 5 of the Complaint not expressly admitted.

26. Defendants admit so much of the allegations of paragraph 6 as may allege that Plaintiffs ICWU and UFCW Local 970C are "labor organizations" within the meaning of the Act and the Ordinance. Defendants are without knowledge or information sufficient to form a belief as to whether these Plaintiffs are the collective bargaining representatives of a unit of employees of Dow Corning Corporation located within Hardin County, Kentucky. Defendants therefore deny the allegations of paragraph 6 of the Complaint not expressly admitted.

27. Defendants admit so much of the allegations of paragraph 7 of the Complaint as may allege that Plaintiff UFCW Local 227 is a "labor organization" within the meaning of the Act and the Ordinance. Defendants are without knowledge or information sufficient to form a belief as to whether this Plaintiff is the collective bargaining representatives of a unit of employees of Kroger Limited Partnership I, Mid South Division of Louisville located within

Hardin County, Kentucky. Defendants therefore deny all allegations of paragraph 7 of the Complaint not expressly admitted.

28. Defendants admit so much of the allegations of paragraph 8 as may allege that Plaintiff IBT Local 89 is a "labor organization" within the meaning of the Act and the Ordinance. Defendants are without knowledge or information sufficient to form a belief as to whether this Plaintiff is the collective bargaining representatives of a unit of employees of Bimbo Brands Bakery and a unit of employees of Irving Materials, Inc., both located within Hardin County, Kentucky. Defendants are also without knowledge or information sufficient to form a belief as to whether Plaintiff IBT Local 89 is also the collective bargaining representative of a unit of employees of E&B Paving who work in Hardin County, Kentucky, from time to time. Defendants therefore deny all allegations of paragraph 8 of the Complaint not expressly admitted.

29. Defendants admit so much of the allegations of paragraph 9 as may allege that Plaintiff IBEW Local 369 is a "labor organization" within the meaning of the Act and the Ordinance. Defendants are without knowledge or information sufficient to form a belief as to whether this Plaintiff is party to collective bargaining agreements with numerous employers, including members of the Louisville Chapter of the National Electrical Contractors Association, and ADT, LLC, which regularly do business in Hardin County, Kentucky, and employ workers under those collective bargaining agreements. Defendants therefore deny all allegations of paragraph 9 of the Complaint not expressly admitted.

30. Defendants admit so much of the allegations of paragraph 10 as may allege that Plaintiffs IUE-CWA and IUE-CWA local 83766 are "labor organizations" within the meaning of the Act and the Ordinance. Defendants are without knowledge or information sufficient to form

a belief as to whether these Plaintiffs are the collective bargaining representatives of a unit of employees of The Gates Corporation located within Hardin County, Kentucky. Defendants therefore deny all allegations of paragraph 10 of the Complaint not expressly admitted.

  31. Defendants admit the allegations of paragraph 11 of the Complaint.

  32. Defendants deny that Charles A. Williams is currently the Sheriff of Hardin County, Kentucky, and that he currently has authority to investigate any alleged violations of the Ordinance or ensure the effective enforcement of the Ordinance. Therefore, Defendant Williams cannot be sued in any capacity, either individually or officially, and the Complaint fails to state any claim against him for which relief can be granted.

  33. Defendants admit the allegations of paragraph 13 of the Complaint.

  34. Defendants deny that the current Hardin County Attorney is named Jenny Pitts. The correct name for the current County Attorney of Hardin County is Jenny Oldham. Defendants admit so much of the allegations of paragraph 14 as may be intended to allege that Jenny Oldham is the current Hardin County Attorney, and in that capacity she has authority to prosecute violations of the Ordinance. Defendants admit so much of the allegations of paragraph 14 as may allege that Jenny Oldham is sued in her official capacity, but deny any other allegation contained in paragraph 14 of the Complaint.

  35. Defendants admit so much of the allegations contained in paragraph 15 of the Complaint as may allege that the Fiscal Court of Hardin County, Kentucky, duly adopted the Ordinance on January 13, 2015, and it became effective upon its adoption, but expressly deny so much of Paragraph 15 of the Complaint as may allege that the Ordinance applies to any collective bargaining or other agreement entered into prior to the effective date of the Ordinance, and further deny any other allegation made in paragraph 15 of the Complaint.

36. Defendants admit the allegations contained in paragraph 16 of the Complaint.

37. Defendants admit so much of paragraph 17 of the Complaint as may allege that Section 8(a)(3) of the Act (29 U.S.C. § 158(a)(3)) forbids "discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization; *provided*, that nothing in this Act, nor any other statute of the United States, shall preclude an employer from making an agreement with a labor organization . . . to require as a condition of employment membership therein on or after the 30th day following the beginning of such employment," provided that the union is the lawful representative of these employees, and other conditions are met as set out in Section 8(a)(3). The Defendants deny, however, that the Act otherwise regulates the negotiation and application of agreements requiring union membership, or payments to a union as a condition of employment, and further deny that the Act or other federal labor law preempts or otherwise prevents laws or ordinances, other than the Act and "statutes of the United States," from regulating or prohibiting agreements requiring union membership or the payment of union dues, fines, or assessments as a condition of employment. On the contrary, the Act allows for and authorizes other government entities to regulate or prohibit agreements mandating union membership or payments, and related matters, within the geographic boundaries governed by them. Defendants deny any other allegation contained in paragraph 17 of the Complaint.

38. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs negotiated and entered into collective bargaining agreements which include requirements that employees pay union dues, fees, fines, or assessments as a condition of employment that apply to workplaces within Hardin County, Kentucky. The allegations regarding any future collective bargaining agreements are speculative and do not require a

response. To the extent that paragraph 18 of the Complaint makes factual allegations, they are denied. Defendants deny any remaining allegations contained in paragraph 18 of the Complaint.

39. Defendants admit so much of paragraph 19 of the Complaint as may allege that the Ordinance prohibits employers and unions from entering into agreements, after the effective date of the Ordinance, that require employees to join a union, or pay money to a union, or refrain from doing so, in order to get or keep a job in Hardin County, or that would otherwise violate the Ordinance. Defendants deny each and every other allegation contained in paragraph 19 of the Complaint.

40. Defendants admit so much of the allegations of paragraph 20 of the Complaint as may allege that Section 8(f) of the Act [29 U.S.C. § 158(8)(f)] creates an exception for employers "engaged primarily in the building and construction industry" ("Construction Employers") permitting them to enter into certain agreements with unions that would otherwise be unlawful as "unfair labor practices" under the Act. Section (8)(f) permits Construction Employers to enter into agreements with unions that: (1) recognize unions as the bargaining representative of employees even though the union does not have evidence that a majority of employees support or wish union representation; (2) permit a requirement that employees be or become union members within the 7th day following the beginning of such agreement or the effective date of the agreement (instead of 30 days as required by Section 8(a)(3) for other types of industry); (3) require the employer to notify the union of opportunities for employment and permit the union to refer qualified applicants for such employment; and (4) set minimum training or experience qualifications or give priority to length of employment based on service with the employer, in the industry, or in a particular geographic area. The Defendants deny that any

provision of Section 8(f) of the Act prohibits or preempts the Ordinance, as well as any other allegations contained in paragraph 20 of the Complaint not admitted herein.

41. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs IBT Local 89 and IBEW Local 369 have entered into agreements pursuant to Section 8(f) of the Act that apply to workplaces within Hardin County, Kentucky. To the extent that paragraph 21 of the Complaint makes factual allegations, they are denied. Defendants deny any remaining allegations contained in paragraph 21 of the Complaint not admitted herein.

42. Defendants admit so much of paragraph 22 of the Complaint as may allege that the Ordinance prohibits employers and unions from entering into agreements, after the effective date of the Ordinance, that require employees to join a union, or pay money to a union, or refrain from doing so, in order to get or keep a job in Hardin County, or would otherwise violate the Ordinance. Defendants deny all other allegation contained in paragraph 22 of the Complaint.

43. Defendants admit so much of the allegations of paragraph 23 that may allege that Section 302(c)(4) of the Labor Management Relations Act ("LMRA"), amending the Act (29 U.S.C. § 186(c)(4)) authorizes employers to enter into agreements with unions by which the employer agrees to collect from the wages of employees union dues and remit these monies to the Union. Defendants also admit that Section 302(c)(4) creates a maximum period during which a written assignment authorizing such dues deductions may be irrevocable, but Defendants deny that such agreements may lawfully be interpreted or applied to enforce involuntary payments to unions, against the consent of the employee earning the wages in Hardin County, in violation of the Ordinance.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore deny the same.

45. Defendants admit so much of the allegations of paragraph 25 of the Complaint as may allege that the Ordinance permits and protects the *voluntary* deduction from wages, earnings or compensation of an employee for union dues, fees, assessments, or other charges to be paid over to a labor union provided that the employee authorizes such deductions in writing and remains free to revoke such an authorization, but prohibits mandatory and involuntary deductions from wages to be remitted to a union. Defendants deny any other allegation contained in paragraph 25 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint concerning any contracts between Plaintiff IBT Local 89 and any intention of this Plaintiff and any employer to negotiate future contracts, and therefore deny these allegations of paragraph 26. Defendants also deny the allegations of paragraph 26 that enforcement of the Ordinance will cause immediate and irreparable harm to Plaintiff IBT Local 89 or deny any rights under the Act, the LMRA, the Supremacy Clause of the United States Constitution, or other applicable law.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint concerning any contracts between Plaintiff UFCW Local 227 and any intention of this Plaintiff and any employer to negotiate future contracts, and therefore deny these allegations of paragraph 27. Defendants also deny the allegations of paragraph 27 that enforcement of the Ordinance will cause immediate and

irreparable harm to Plaintiff IBT UFCW Local 227 or deny any rights under the Act, the LMRA, the Supremacy Clause of the United States Constitution, or other applicable law.

48. Defendants admit the allegations contained in paragraph 28 of the Complaint.

49. In response to paragraph 29 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 48 of the Complaint, as set forth above.

50. Defendants admit so much of the allegations of paragraph 30 of the Complaint as may allege that Section 14(b) of the Act [29 U.S.C. § 164(b)] provides that:

> "(b) Nothing in this Act shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law."

This statutory language should be interpreted in accordance with its plain meaning. Defendants deny that Section 14(b) preempts laws or ordinances prohibiting mandatory union membership or payments. On the contrary, Section 14(b) of the Act recognizes and acknowledges the rights of States and their political subdivisions, to regulate and prohibit mandatory union membership and payments, as well as regular matters related thereto. The Defendants deny any other allegations contained in paragraph 30 of the Complaint.

51. Defendants deny the allegations contained in paragraph 31 of the Complaint.

52. Defendants deny the allegations contained in paragraph 32 of the Complaint, and state affirmatively that Hardin County, Kentucky, is a political subdivision of the Commonwealth of Kentucky and therefore falls within the scope of a "State or Territory" as contemplated by Section 14(b) of the Act.

53. Defendants deny the allegations contained in paragraph 33 of the Complaint, and state affirmatively that Hardin County, Kentucky, is a political subdivision of the

Commonwealth of Kentucky and therefore falls within the scope of a "state or territory" as contemplated by Section 14(b) of the Act.

54. Defendants deny the allegations contained in paragraph 34 of the Complaint.

55. Defendants deny the allegations contained in paragraph 35 of the Complaint.

56. In response to paragraph 36 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 55 of the Complaint, as set forth above.

57. Defendants deny the allegations contained in paragraph 37 of the Complaint.

58. Defendants deny the allegations contained in paragraph 38 of the Complaint.

59. In response to paragraph 39 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 58 of the Complaint, as set forth above.

60. Defendants deny the allegations contained in paragraph 40 of the Complaint.

61. Defendants deny the allegations contained in paragraph 41 of the Complaint.

62. Defendants deny each and every other allegation contained in the Complaint not specifically admitted herein, as well as any express and implied allegations contained in the prayer for relief of the Complaint.

## AFFIRMATIVE DEFENSES

63. No defense in this Answer is intended nor shall be deemed to be an affirmative defense unless failure to plead the defense would result in a waiver of the defense. Defendants allege various defenses below, which shall be deemed affirmative defenses only if failure to plead the defense would result in a waiver of the defense. Defendants reserve the right to assert such affirmative defenses, not contained in this Answer, as may be or become available or appear during the proceedings in this case, and therefore reserves the right to amend its Answer to assert such defenses.

**FIFTH DEFENSE**

64. Plaintiffs failed to state a claim for which relief can be granted regarding Defendant Charlie A. Williams, in either an official or individual capacity.

**SIXTH DEFENSE**

65. Plaintiffs are not entitled to injunctive relief because: (1) Plaintiffs are not likely to succeed on the merits; (2) Plaintiffs cannot show irreparable harm; (3) issuing a preliminary injunction will substantially harm Hardin County and the citizens of Hardin County; and (4) the interest of the citizens of Hardin County are best served by denying Plaintiff's demand for injunctive relief.

**SEVENTH DEFENSE**

66. Plaintiffs failed to state a claim under 42 U.S.C. § 1983 for which relief can be granted.

**EIGHTH DEFENSE**

67. Plaintiffs failed to state a claim for which relief can be granted under the Supremacy Clause of the United States Constitution.

**NINTH DEFENSE**

68. Plaintiffs are not entitled to attorneys' fees and costs under 42 U.S.C. § 1988 or any other statutory or common law provisions.

**TENTH DEFENSE**

69. Plaintiffs' claims against officials of Hardin County, Kentucky, sued in their official capacities, are barred as duplicative of their claims against Hardin County, Kentucky, and to the extent that Plaintiffs assert any claims against individual county officials, they are barred by the qualified immunity doctrine.

**ELEVENTH DEFENSE**

70. To the extent Plaintiffs are suing individual county officials in their official capacities, Plaintiffs are barred from seeking monetary relief from these officials.

**TWELFTH DEFENSE**

71. Plaintiffs' claims are barred because the Hardin County Circuit Court, and all officials acting for and on behalf of Hardin County, acted in good faith and with a reasonable belief that such actions were in compliance with applicable law and policy.

**THIRTEENTH DEFENSE**

72. Plaintiffs' claims must be dismissed to the extent they are barred by the doctrines of qualified, absolute, sovereign and/or statutory immunity.

**FOURTEENTH DEFENSE**

73. Defendants give notice that they intend to rely upon such other defenses as may become available or appear as the case develops, and hereby requests leave to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered, Defendants, Hardin County, Kentucky, Judge Executive Harry L. Berry, Charlie A. Williams (incorrectly named as Sheriff of Hardin County, Kentucky), and County Attorney, Jenny Oldham (incorrectly named as Jenny Pitts), pray for relief as follows:

1. That the Plaintiffs' action be dismissed with prejudice, and the Plaintiffs take nothing thereby;

2. That Defendants have and recover from the Plaintiffs their court costs and litigation expenses, including any reasonable attorneys fees to the extent permitted by law, and

3. That Defendants be granted any and all relief to which they may be entitled.

Respectfully submitted,

s/ John T. Lovett
John T. Lovett
jlovett@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087

Jason Michael Nemes
jnemes@fmhd.com
FULTZ MADDOX HOVIOUS & DICKENS
101 South Fifth Street, 27th Floor
Louisville, KY 40202
Telephone: (502) 992-5045
Facsimile: (502) 588-2020

Jennifer B. Oldham
jennyo.hcao@hcky.org
Hardin County Attorney
109 E. Dixie Avenue
Elizabethtown, KY 42701-1408
Telephone: (270) 765-6726
Facsimile: (270) 737-0087

*Counsel for Defendants Hardin County, Kentucky, Harry L. Berry, Charlie A. Williams, and Jenny Oldham*

-19-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of February, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: John T. Lovett (jlovett@fbtlaw.com); James Michael Nemes (jnemes@fmhd.com); Jennifer B. Oldham (jennyo.hcao@hcky.org); Irwin H. Cutler, Jr. (cutler@pcnmlaw.com); David Leightty (dleightty@earthlink.net); Benjamin S. Basil (basil@pcnmlaw.com); and Robert M. Colone (rmcolone@teamsters89.com).

                                                   /s/John T. Lovett
                                                   *Counsel for Defendants*

EN10547.Public-10547   4842-9138-5634v2