# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | | |
|---|---|---|
| **UNITED AUTOMOBILE, AEROSPACE** | ) | |
| **AND AGRICULTURAL IMPLEMENT** | ) | |
| **WORKERS OF AMERICA LOCAL 3047,** | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE No. 3:15-cv-66 (DJH) |
| | ) | *Electronically filed* |
| **HARDIN COUNTY, KENTUCKY,** et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## MEMORANDUM IN SUPPORT OF MOTION OF THE NATIONAL LABOR RELATIONS BOARD FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE*

The National Labor Relations Board ("the Board") files this memorandum in support of

its motion for leave to file a brief as *amicus curiae* in support of the Plaintiffs. The Board's

interests in this case are in preserving its jurisdiction, ensuring a fair and accurate interpretation

of the terms "State or Territory" as found in Section 14(b) of the National Labor Relations Act

("the Act"), 29 U.S.C. § 164(b), and ensuring a proper application of Section 14(b)'s delegation

of power to states and territories, as envisioned by the drafters of Section 14(b) and subsequently

interpreted by several courts. The Board's participation as *amicus curiae* is desirable in this case

because it is in the best position to interpret its governing statute and brings to the discussion of

federal labor law preemption institutional knowledge not available to the parties in this case. The

Board's interests extend beyond the plaintiffs' interests, as the plaintiffs are all labor unions

(Complaint ¶¶ 5-10).

Tasked with protecting the rights of employees and employers, and encouraging

collective bargaining, the Board has an interest in avoiding the untenable situation where a single

bargaining relationship involving multiple worksites across the Commonwealth of Kentucky would be subject to multiple conflicting federal, state, and local regulations. Such a situation would discourage collective bargaining, run counter to the Board's mission, and negatively impact the welfare of American workers and businesses. Plaintiffs do not represent, and cannot speak for, the interests of the Board. As the federal agency tasked with enforcing the Act, the Board should have the opportunity to be heard on this matter that could potentially result in trend-setting precedent and affect citizens not only in the Commonwealth, but also in other states where local political subdivisions are considering promulgating their own similar regulations prohibiting union security, among other conduct at issue in this case. The position asserted by the Board, that local political subdivisions are preempted from enacting ordinances such as the one at issue here, is essentially the sole legal issue at stake in this case. A determination on the issue of whether local governments are preempted from enacting such ordinances would have a significant and binding statewide impact, and persuasive national impact. Accordingly, the Board should be permitted to participate as *amicus curiae* in order to speak for its interests in enforcing the Act.

Respectfully submitted,

BARBARA A. O'NEILL
*Assistant General Counsel*
barbara.oneill@nlrb.gov
(202) 273-2958
National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1099 14th St. NW, Ste. 10700
Washington, D.C. 20570

/s/Nancy E. Kessler Platt
NANCY E. KESSLER PLATT
*Deputy Assistant General Counsel*
nancy.platt@nlrb.gov

2

(202) 273-2937

KEVIN J. HOBSON
*Attorney*
kevin.hobson@nlrb.gov
Phone: (202) 273-0102
Fax: (202) 273-4244

April 17, 2015